[Cite as *State v. Mann*, 2011-Ohio-6468.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | William B. Hoffman, P.J. |
| | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 11-CA-2 |
| | : | |
| | : | |
| ROBERT A. MANN | : | O P I N I O N |
| Defendant-Appellant | | |


CHARACTER OF PROCEEDING:      Criminal Appeal from Licking County
                             Court of Common Pleas Case No.
                             10-CR130

JUDGMENT:                    Affirmed In Part and Reversed and
                             Remanded In Part

DATE OF JUDGMENT ENTRY:      December 13, 2011

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

EARL L. FROST                          DENNIS W. McNAMARA
Assistant County Prosecuting Attorney  88 East Broad Street – Suite 1350
Licking County Prosecutor's Office     Columbus, Ohio  43215
20 South Second Street
Newark, Ohio  43055

*Edwards, J.*

{¶1} Appellant, Robert A. Mann, appeals a judgment of the Licking County Common Pleas Court convicting him of trafficking in marijuana (R.C. 2925.03(A)(2)), possession of marijuana (R.C. 2925.11(A)) and aggravated possession of drugs (R.C. 2925.11(C)(1)).

<u>STATEMENT OF FACTS AND CASE</u>

{¶2} On August 3, 2009, appellant traveled to Columbus with his friend, Michael Fletcher, to purchase marijuana from a man named Chris Clark. The pair had purchased marijuana from Clark in the past and divided it between them at home. Fletcher had purchased marijuana from appellant in the past and owed him money. Fletcher worked on paying this debt by setting up the drug deal in Columbus.

{¶3} The two men traveled to Columbus where they met up with Clark. Appellant paid for the drugs and placed the drugs in the trunk of the vehicle, which was owned by Fletcher's girlfriend. Fletcher was high on the day in question because during the trip, he used a pill crusher to crush prescription medication, which he injected into his arm.

{¶4} After they picked up the marijuana, the vehicle was stopped by Trooper Michael Wilson of the Ohio State Highway Patrol. Appellant was driving. The trooper noted that appellant was quiet and avoided eye contact, while Fletcher appeared to be under the influence. The officer saw flakes of marijuana on the center console of the car. Upon searching appellant, the officer found a collapsible knife, Percocet and $1,230.00 on his person. In the car, the trooper found a syringe, a burnt spoon with white powder on it and a pill crusher. The officer noted fresh needle tracks on

Fletcher's arm.  In the trunk of the car, the officer found an Aldi's bag containing 10 pounds of marijuana and marijuana bale wrappers.

{¶5}   Appellant was indicted by the Licking County Grand Jury with trafficking in marijuana, possession of marijuana and aggravated possession of drugs.  Following jury trial he was convicted as charged and sentenced to five years community control. He assigns two errors on appeal:

{¶6}   "I. THE JURY'S VERDICTS AS TO COUNTS ONE AND TWO WERE NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE.

{¶7}   "II. THE TRIAL COURT ERRED WHEN IT IMPOSED SENTENCES FOR BOTH TRAFFICKING AND POSSESSION OF THE SAME MARIJUANA."

I

{¶8}   In his first assignment of error, appellant argues that the convictions on the two marijuana charges are against the manifest weight of the evidence.

{¶9}   In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 1997-Ohio-52, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.

{¶10} Appellant was convicted of trafficking marijuana in violation of R.C. 2925.03(A)(2):

{¶11} "(A) No person shall knowingly do any of the following:

{¶12} "(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."

{¶13} He was also convicted of possession of marijuana in violation of R.C. 2925.11(A):

{¶14} "(A) No person shall knowingly obtain, possess, or use a controlled substance."

{¶15} Appellant does not contest that the substance found in the trunk of the vehicle he was driving was a controlled substance nor does he contest its weight. He argues that the state failed to prove a connection between him and the marijuana in the trunk. He argues that the jury lost its way in believing the testimony of Fletcher. He argues that Fletcher lied to the trooper initially and gave several versions of the facts, and Fletcher was drug-dependent. He argues that Fletcher's trial testimony in which he blamed appellant for the presence of the drugs was fabricated in the hopes of receiving probation, thus continuing to have access to drugs. Appellant notes that even the trooper testified that Fletcher's testimony at trial was at times in error:

{¶16} "Q. Did you determine who owned the vehicle?

{¶17} "A. Yes.

{¶18} "Q. Was Mr. Fletcher truthful about that, that it was his girlfriend?

{¶19} "A. Yes, sir.

{¶20} "Q. You indicated that Mr. Fletcher had $358 in your testimony?

**{¶21}** "A. No.  I said $308.

**{¶22}** "Q. $308?

**{¶23}** "A. Yes, sir.

**{¶24}** "Q. I think he testified he had $130 or $150 or something.  Was he mistaken?

**{¶25}** "A. Yes, sir.

**{¶26}** "Q. He was mistaken about a lot of things in his testimony?"  Tr. 217.

**{¶27}** "Q. You were here all day, weren't you - -

**{¶28}** "A. Yes, sir.

**{¶29}** "Q. - - and heard his testimony?

**{¶30}** "A. I came in - - I believe it was maybe after he already started, so I can't speculate to what was said up to that point.

**{¶31}** "Q. During the time you were here, he was mistaken about a lot of things, wasn't he?

**{¶32}** "A. Yes."  Tr. 218.

**{¶33}** However, the jury was aware that Fletcher was under the influence of drugs on the day in question, was mistaken in his testimony on the amount of money he had on his person and gave several versions of the facts to the police, yet the jury chose to believe his testimony.  We cannot find that the jury lost its way in believing Fletcher's testimony.  Fletcher's testimony that he and appellant travelled together to Columbus to pick up marijuana would explain why appellant was driving a car belonging to Fletcher's girlfriend.  Further, while handling the marijuana the officer got flakes on his hand similar to those found on the console near the gearshift.  The officer testified

that he found marijuana bale wrappers in the trunk which had been cut corner to corner, with remnants of marijuana left in the wrapper. The officer pulled out a portion of the marijuana in front of the jury, and demonstrated how he had flakes all over his hands like the flakes found on the center console of the car. He testified that if he cut bales open, put them in a bag, got in the car and used the gear shift while driving, the flakes would be consistent with where they were found in the car. The officer further testified that appellant was the first in thousands of vehicle searches he had conducted who did not look one time during the search to see what was happening. The officer testified that he was taught at the patrol academy that people tend to distance themselves from a vehicle when they know it contains contraband. Fletcher's testimony that appellant was aware of the marijuana in the trunk was corroborated by the circumstantial evidence.

**{¶34}** The first assignment of error is overruled.

II

**{¶35}** Appellant argues that the court erred in sentencing him for both trafficking and possession of the same marijuana, as they are allied offenses of similar import. The state concedes that the court erred in sentencing him for both offenses and agrees that the matter should be remanded for resentencing.

**{¶36}** The second assignment of error is sustained.

{¶37} The judgment of the Licking County Common Pleas Court is reversed only as to the imposition of sentences for both trafficking and possession of marijuana. In all other respects the judgment is affirmed. This cause is remanded to that court for resentencing.


By: Edwards, J.

Hoffman, P.J. and

Farmer, J. concur

_____

_____

_____

                                        JUDGES

JAE/r0920

[Cite as *State v. Mann*, 2011-Ohio-6468.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ROBERT A. MANN | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11-CA-2 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is reversed and remanded only as to the imposition of sentences for both trafficking and possession of marijuana. In all other respects, the judgment is affirmed. Costs assessed 50% to appellee and 50% to appellant.

_____

_____

_____

JUDGES